Gary R. BROWN, Drew Terry, Michael Supan, Robert Brunkhorst, Julian P. Couch, David Dexter, Michael Land, and Donald R. Martin, Plaintiffs,

v.

The VIRGINIA OPERA ASSOCIATION, INC., Defendant.

Civ. A. No. 81–1174–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

March 23, 1982.

F. Nash Bilisoly, Norfolk, Va., for plaintiffs.

Stanley G. Barr, Jr., Norfolk, Va., for defendant.

## OPINION AND ORDER

CLARKE, District Judge.

### I.

This matter comes before the Court on the Motion to Dismiss of the Virginia Opera Association, Inc. (VOA).

### II.

Since 1976 the VOA has received funds from the National Endowment for the Arts (NEA) pursuant to 20 U.S.C. § 954. The statute imposes an obligation on recipients of NEA funds to pay salaries or wages to professional performers and supporting professional personnel which are not less than the prevailing minimum compensation for persons employed in similar activities. 20 U.S.C. § 954(i). If a grant recipient fails to comply with the compensation requirements, the Secretary of Labor may terminate disbursements of grant funds. 29 C.F.R. § 505.7.

The plaintiffs in this action are supporting personnel who allege that the VOA has failed to pay them compensation in accordance with § 954. By letter dated August 14, 1980, the plaintiffs notified the NEA of the VOA's alleged noncompliance, and the NEA began an investigation of the VOA's practices. When the NEA's investigation uncovered no wrongdoing by the VOA, plaintiffs filed the instant action to recover sums allegedly owing from the VOA's violation of § 954.

### III.

The VOA responded to the Complaint by filing a Motion to Dismiss. It predicates this motion on the grounds that there is no private right of action under § 954(i).

Both parties to this controversy agree that § 954(i) makes no express provision for a private right of action. They further agree that the Court should look to the Supreme Court's opinion in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), in considering whether to recognize an implied right of action under the statute. The unanimous opinion in *Cort v. Ash* identified four factors for courts to examine in resolving this question: (1) whether plaintiff belongs to the class for whose especial benefit the statute was enacted; (2) whether the legislative history shows that Congress intended to create or deny a private remedy; (3) whether a private right of action would be consistent with the underlying purposes of the legislative scheme; and (4) whether the cause of action is one traditionally relegated to state law. *See id.* at 78, 95 S.Ct. at 2087.

Applying the principles of *Cort v. Ash,* the Court believes that we should not recognize a private cause of action under § 954(i). The plaintiffs state and the defendant agrees that plaintiffs are members of a class for whose especial benefit the statute was enacted. Because the statute expressly identifies "supporting professional personnel" as a class that Congress intended to benefit, the Court fully concurs in the assessment of counsel that plaintiffs satisfy the first of the *Cort* factors. *Cf. Cannon v. University of Chicago,* 441 U.S. 677, 690–694, 99 S.Ct. 1946, 1954–1956, 60 L.Ed.2d 560 (1979).

Upon examination of the legislative scheme and history, however, the Court be-

lieves that plaintiffs do not satisfy the second *Cort* factor. Section 954(h) provides that whenever the Chairman of the NEA finds that a funds recipient has not complied with the statutory provisions, the Chairman shall notify the Secretary of the Treasury and "no further grants will be made under this section to such [funds recipient] until there is no longer any ... failure to comply...." Section 954(h) does not control § 954(i), but the Court believes that subsection (h) does evince a legislative intent that funds cut-off shall represent the exclusive enforcement mechanism for the statutory provisions. We thus believe that we should read the enforcement provision in 29 C.F.R. § 505.7 in the light of § 954(h). Reading the regulation in this light, the Court concludes that the funds cut-off provision in § 505.7 is the exclusive remedy for any violation of § 954(i).

The Court fully understands that the recognition of an implied private right of action might promote the underlying purpose of § 954(i). Countervailing considerations persuade the Court, however, that the express enforcement scheme most fairly effectuates the statutory purpose. In this connection, the Court notes that the VOA could reasonably have relied on the statute and the administrative regulations to believe that any noncompliance with § 954 would only expose it to a funds cut-off. There is certainly nothing in the statutory framework to suggest that the VOA could reasonably have expected to be haled before a federal judge by its employees to answer allegations that it violated § 954. Even without the recognition of an implied right of action, moreover, the regulation's threat of funds cut-off vests employees with a potent and efficacious remedy. Few funds recipients, in the Court's estimation, would risk the cut-off of federal funds by denying employees their statutory entitlements under § 954(i).

A review of the first three *Cort* factors thus persuades the Court to deny recognition of an implied right of action under § 954(i). Although plaintiffs qualify as the especial beneficiaries of the statute, the legislative scheme evinces an intention that

funds cut-off shall constitute the exclusive remedy for violations of the statute. Recognition of an implied right of action, furthermore, would not significantly advance the purpose of § 954(i), but would expose the VOA to contingencies which the statute does not expressly contemplate. The Court, accordingly, GRANTS the VOA's Motion to Dismiss on the grounds that there is no implied private right of action under § 954(i).

IV.

Having determined that there is no private cause of action under 20 U.S.C. § 954(i), the Court has no reason to address the other grounds for the VOA's motion.

The Clerk is DIRECTED to enter an appropriate Order dismissing the Complaint.